UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| STACY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 4:09-CR-44-HSM-SKL-1 |
| | ) | 4:16-CV-78-HSM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 154]. She bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition on July 29, 2016 [Doc. 155]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the petition [Doc. 154] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I. BACKGROUND

In 2009, Petitioner pled guilty to conspiracy to manufacture and possess with intent to distribute fifty grams or more of pure methamphetamine and five hundred grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Docs. 66, 72, 75]. Based on her two prior felony drug convictions, the United States filed timely notice of its intent to enhance Petitioner's sentence in accordance with 21 U.S.C. § 851 [Doc. 53], resulting in a statutorily-mandated sentence of life imprisonment [Presentence Investigation Report ("PSR") ¶¶ 67, 103 (noting that Petitioner was a career

offender, but that her Guideline range was restricted by the enhanced mandatory minimum of life imprisonment).  Based in part on a motion for downward departure by the United States [Doc. 101], this Court deviated from the mandatory life term and instead imposed a 235-month term of incarceration followed by three years' supervised release [Doc. 108].

No appeal was taken and Petitioner's conviction became final for purposes of § 2255(f)(1) on March 29, 2010, at expiration of time to file the same. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment.").  More than six years later—June 29, 2016—Petitioner submitted the instant § 2255 motion challenging her sentence in light of *Johnson* [Doc. 154].

## II. ANALYSIS

The petition includes a single, underdeveloped claim: "21 U.S.C. § 846 as applied in the instant case invited arbitrary enforcement . . . . [because she] was never in possession of drugs" [*Id.* at 4].  Petitioner relies on the "retroactive" effect of the *Johnson* decision and *Welch v. United States*, 136 S. Ct. 1257 (2016), in an effort to avoid dismissal for failure to comply with § 2255(f)(1)'s one-year window for requesting timely collateral relief [*Id.* at 12].

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007) (citing *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)).  To the extent that Petitioner intended her challenge as something other than a *Johnson*-based collateral attack on her 235-month term of imprisonment, that undiscernible argument fails for want of development.

2

To the extent Petitioner argues that she no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same, the argument fails because her PSR conclusively demonstrates that she was never subjected to any of these provisions [PSR ¶¶ 67, 103; Docs. 53, 66, 101, 108].[1]

To the extent Petitioner challenges the propriety of her statutory enhancement under § 841(b)(1)(A) based on the existence of at least two "felony drug conviction," that challenge fails as well. "[F]elony drug conviction" is defined as an offense "punishable by imprisonment for more than one year under any [state, federal, or international] law . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Unlike the ACCA, Section 4B1.2, and Section 2K2.1(a), § 802(44) does not contain a residual provision. Because the clause deemed unconstitutionally

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

vague in *Johnson* bears no relation to the statutory enhancement upon which Petitioner's sentence was based, that decision cannot justify granting the requested relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 154] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE